UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CYNTHIA SPENRATH, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-1979 |
| § | |
| THE GUARDIAN LIFE INSURANCE § | |
| COMPANY OF AMERICA, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before the Court is the Request for Attorneys' Fees and Costs (Doc. 32) filed by Defendant Guardian Life Insurance Company of America ("Guardian"). Plaintiff Cynthia Spenrath ("Spenrath") filed a response (Doc. 38).

On March 12, 2013, this Court entered its Opinion and Order (Doc. 30) and Final Judgment (Doc. 31) granting Defendant's Motion for Summary Judgment (Doc. 23) on all Spenrath's claims and dismissing her case. In addition, the Court found that Guardian was entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1) of ERISA, which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Court ordered Guardian to file a request for attorney's fees with supporting documentation in accordance with *Johnson v. Ga. Highway Express, Inc.*, 448 F.2d 714 (5th Cir. 1974).

Pursuant to the Court's Order, Guardian submitted a request for $29,358.60 in attorneys' fees and $1,067.19 in costs. Guardian states that the award requested is reasonable based on the skill and reputation of the attorneys who worked on the case, the complexity of the case, and the customary rate for similar legal work in the local community. Doc. 32 at p. 1–4. Spenrath

responded to Guardian's request and asked the Court to reconsider its decision to award fees in this case and to apply the five-factor test from *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).  Doc. 38 at ¶ 1.  She argues review of the *Bowen* factors will show that because she brought her claims in good faith, an award of fees is not warranted in this case. *Id.* at ¶ 4.  She does not argue that the fees or costs in this case are unreasonable.

For the reasons explained in the Court's Opinion and Order, the Court concluded based on the prevailing standard that an award of reasonable attorney's fees and costs was warranted in this case.  The Fifth Circuit explained in *LifeCare* that courts are no longer required to apply the *Bowen* factors when awarding attorney's fees under ERISA because they "bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence."  *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt.Adm'rs Inc.*, 703 F.3d, 835, 847 (5th Cir. 2013) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010)).  Accordingly, Plaintiff's invitation to reconsider the Court's Order and apply the *Bowen* factors is denied.

The determination of whether fee request is reasonable is based on a two-step process. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).  "First the court calculates the 'lodestar' by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers."  *Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).  The court excludes any time that is "excessive, duplicative, or inadequately documented."  *Jimenez v. Wood County*, 621 F.3d 372, 379 (5th Cir. 2010).  Once the court determines the lodestar, it may adjust the amount up or down based on the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 453, 457 (5th Cir. 1993).[1]  *Id.*

---

[1] The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesireability; (11) nature and length of relationship with the clients; (12) awards

Guardian's request is accompanied by the affidavit of Thomas F. A. Hetherington, a partner at Edison, McDowell & Hetherington LLP (Doc. 32-1 at 1–2), and time and expense details of his hours, billed at an hourly rate of $395.00 (in 2011 and 2012) and $338.00 (in 2013), those of Blaire Bruns, an associate, billed at an hourly rate of $245.00 (in 2011 and 2012) and $238.50 (in 2013), and those of a paralegal, billed at $155.00 (in 2011 and 2012) and $135.00 (in 2013). Aff. of Thomas F. A. Hetherington, Ex. A, Doc. 32-1. Guardian states that these rates are customary for similar work by attorneys of comparable skill and experience in Harris County, Texas, if not lower. Doc. 32 at 4. Courts in and around Harris County have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case. *See Preston Exploration Co., LP v. GSP, LLC*, 2013 WL 3229678, at *5 (S.D. Tex. June 25, 2013) (aggregating cases determining reasonable market rates for complex litigation). The Court therefore agrees that these hourly rates are reasonable in light of the attorneys' experience, areas of expertise, and the prevailing hourly rates in the Houston area.

The time records indicate that Mr. Hetherington spent 9.6 hours on the case, Ms. Bruns spent 95.5 hours, and the paralegal spent 14.9 hours. After carefully reviewing the time records, the Court concludes that they are detailed and reasonable. None of the time entries are excessive or duplicative, and no adjustment pursuant to the *Johnson* factors is necessary. Having considered Guardian's request for recovery of attorneys' fees in light of the lodestar and the *Johnson* factors, and in the absence of any objection by Spenrath to the hourly rates or the amount of time spent, the Court will award Guardian $29,358.60 in attorneys' fees.

Guardian seeks recovery of all litigation related costs, totaling $1,067.19, including the following:

---

in similar cases. *Johnson*, 488 F.2d at 717–718.

> (1) Online research;
>
> (2) Copy expenses;
>
> (3) Court fees;
>
> (4) Postage;
>
> (5) Delivery service; and
>
> (6) Parking fees.

"The Fifth Circuit has held that an award of costs in an ERISA case is limited to those listed in 28 U.S.C. § 1920." *Humphrey v. United Way of the Tex. Gulf Coast,* 802 F. Supp. 2d 847, 868 (S.D. Tex. 2008); *see also Nicolas v. MCI Health and Welfare Plan No. 501*, No. 2:05-CV-00442-TJW, 2009 WL 430397, at *3 (E.D. Tex. Feb. 18, 2009); *Collinsworth v. AIG Life Ins. Co.*, No. 3:04-CV-1397-M, 2007 WL 4965041, at *4 (N.D. Tex. 2007 Feb. 27, 2007). Section 1920 allows recovery of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Postage, parking expenses, and delivery fees are not recoverable under § 1920. *See Auto Wax Co. v. Mark Prods., Inc.*, No. 3:99-CV-982-M, 2002 WL 265091, at *1–2 (N.D. Tex. Feb. 22, 2002). Nor may costs for electronic research be recovered. *Herkner v. Argo-Tech Corp.*

*Costa Mesa*, No: H-06-2491, at *5 (S.D. Tex. July 21, 2008) (citing *Ducote Jax Holdings, L.L.C. v. Bank One Corp.,* No. 04-1943, 2007 WL 4233683 (E.D. La. Nov. 28, 2007); *Javelin Invs., LLC v. McGinnis,* No. H-05-3379, 2007 WL 1003856, at *4 (S.D. Tex. Mar. 30, 2007)). With regard to photocopying expenses, the Fifth Circuit has held that applicants are entitled to reimbursement provided that the copies were "necessarily obtained for use in the case." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991). The district courts are accorded great latitude in determining whether a copy expense was necessary, and applicants are not required to "identify every xerox copy made for use in the course of legal proceedings." *Id.* at 285–286. Based on the thorough time and expense documentation provided by Guardian's counsel, the Court finds that the photocopy costs requested coincided with large filings in the case, were not excessive, were necessary to the litigation, and were billed at a reasonable rate. The Court finds that the following costs claimed by Guardian are not recoverable:

- Electronic research: $246.48
- Postage: $35.34
- Delivery service: $125.94
- Parking: $6.00

After subtracting the disallowed $413.76 from Guardian's claimed total expenses of $1,067.19, the Court finds that Guardian is entitled to recover $653.43 in expenses. The addition of $653.43 in expenses to the $29,358.60 in reasonable attorney's fees brings the total award to $30,012.03. Accordingly, it is hereby

**ORDERED** that Defendants' Request for Attorneys' Fees and Costs (Doc. 32) is **GRANTED** in the amount of **$29,358.60** in attorney's fees and **653.43** in expenses and costs**.**

SIGNED at Houston, Texas, this 20th day of February, 2014.

                                                         MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE